16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Keith A. WILLIAMS, Plaintiff-Appellant,
v.
David JARVIS; Charles Mallory; Scott Baesler; Ken Kerns,
Defendants-Appellees.
 No. 93-5848.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: KENNEDY, JONES and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Keith A. Williams, appearing pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Williams sued various county officials including two employees of the Housing Maintenance Division of the Lexington-Fayette Urban County Government (LFUCG) (Jarvis and Mallory) and the former Lexington Mayor (Baesler), alleging that the defendants maliciously prosecuted him for violating the local housing code. The district court granted Williams leave to file an amended complaint after it declined to adopt the magistrate judge's first report and recommendation. Thereafter, Williams filed an amended complaint, naming the commissioner of the Housing Maintenance Division (Kerns) as an additional defendant, and adding an additional claim against defendant Baesler, alleging that Baesler prohibited him from speaking during a work session of the LFUCG council on January 14, 1992, in violation of the First Amendment. Thereafter, the magistrate judge filed a second report recommending that the district court grant the defendants' motion for summary judgment. Over Williams's objections, the district court granted summary judgment in favor of the defendants. Williams has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment to the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Williams cannot prevail on his malicious prosecution claim because he was convicted of the charges filed against him. See Walker v. Schaeffer, 854 F.2d 138, 142-43 (6th Cir.1988). In addition, restricting Williams's comment at council work sessions constituted a valid time, place and manner restriction. See United States v. Grace, 461 U.S. 171, 177-78 (1983).
 
 
 4
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.